This is a bill of review brought to review, alter and reverse a decree for costs, to which there is a demurrer, but by consent brought on for first hearing.
The plaintiffs in the original suit, being the children of the first wife brought their bill against the children by the second wife, who claimed the greater part of the real and personal estate of the father, by deed and gift from him, in his lifetime, to have a discovery, account, and division thereof. The cause was heard at last term, November, 1816, when the plaintiff's bill was dismissed. By the decree of dismission, each party was ordered to pay his own costs. At the last term after the decree was entered on the order book, a petition for a rehearing was filed by the defendants, assigning for error that the plaintiffs ought to have been decreed to have paid the whole costs. On hearing an argument of the petition it was dismissed. The same error assigned as cause for a rehearing is now assigned upon the bill of review. By the argument, two points are submitted for the opinion of the Court. First, whether a bill of review will lie for costs alone. And secondly, if it will, can it be sustained in the present case?
As to the first point, when notice was given the other day of filing this bill, not recollecting any case of the kind on the books, or any determination of our courts that a bill of review has been entertained for costs only, I suggested my doubts, requesting *Page 37 
at the same time that the books might be looked into, and the authorities, if any to be found, produced at the argument. It struck me upon principle then that a bill of review must be a very imperfect mode of examining into the correctness of the decisions respecting costs, and wholly inadequate to the object in view; namely, satisfying the Court that it erred upon that question. And, upon examining the matter further, I am still of the same opinion. It is not of course in equity, as it is at law, that the costs go with the cause. And that he in whose favor the decree is, pays none or no part of the costs. In equity, they are to be paid by either party at the discretion of the Court. 1782, c. 11, sec. 3; Iredell, 434; Hay. Rev. 283. This discretion is not an arbitrary, capricious, blind discretion, but a legal discretion, resulting from a view of the case taken in combination with all its circumstances, and calling to its aid the issue of like questions heretofore upon cases as nearly analogous as can be found. And the essence of this discretion is, the correctness of a conclusion so drawn, not from a partial view of the case, but from a full view of it; not from a look cast upon one or more strong features, but from a thorough investigation of all the parts taken together. The whole of the circumstances of the cause then, in my opinion, constitute the fund from whence the discretion of the Court is furnished upon the question of costs, and that any diminution thereof or deduction therefrom must produce the consequence of not exhibiting the true ground upon which the Court went on questions of this kind. Apply this reasoning to the bill of review; does the whole of the case appear upon the decree? are all the circumstances that necessarily influence the decision of the costs spread upon its face? If they are, then the objections arising from the inadequacy of the means of information at this period are done away, and the *Page 38 
opinion may be well examined and its correctness controverted at any distance of time. But the contrary seems to me clearly the case in practice. The decree in general contains all the prominent features, the material grounds, the essential circumstances in favor of the decree. But the opposing circumstances, which often influence the costs, appear either not at all, or not with precision and minuteness. Hence I conclude from the fact of the quantum of contents of the decree appearing upon the face thereof, that the mode by bill of review of examining the merits of a decision upon costs, with a view to a discovery and correction of error therein is insufficient, incompetent in point of fact, and unsatisfactory. I have so far taken the argument upon its most favorable side, for the support of the bill of review; namely, where the matter of the bill is decreed in favor of the plaintiff. But where the decree is in favor of the defendant, and the bill is dismissed, which is the present case, how does it stand? simply the allegation that the plaintiff failed in supporting his case, at the most a very imperfect statement of the case, without the circumstances and without the proofs. This gives no certain and precise information whatever, and only the one consequence is deducible therefrom; to-wit, that the case and its proofs are not sufficient to entitle the party to a decree in his favor. But whether the failure proceeded from the nature of the claim or the nature of the proof does not appear. If of the claim, whether a case of the same import had been settled before, or now adjudicated for the first time. If of the proof, whether it was strong and barely sufficient to found a decree upon, or extremely weak, or any intermediate point between these extremes, we are not informed, and yet all these well might, to a certain extent, influence the question of costs. We are not furnished then, from the decree, with sufficient data to enable us to review the same with any *Page 39 
precision as regards the question of costs, and to draw the inference therefrom which is prayed; to-wit, the propriety of an alteration thereof in this respect.
If the decree does not furnish us with the means of revision, we must draw our information from other sources, or stop here, which I think we ought to do, and in support of this I refer to 1 Atk. 200, where it is laid down that, on arguing a demurrer to a bill of review, nothing can be read but what appears on the face of the decree. This precludes a reference to the depositions and parol testimony in the cause, not inserted in the decree itself, and show that at this point the discussion ought to terminate. But as the counsel has, in my opinion, irregularly, though not interrupted by the Court, argued from information drawn from other sources, I will state my ideas upon this proceeding. These sources are two fold. First, from the depositions taken in the cause. Secondly, the parol testimony rehearsed by the counsel themselves. I conceive both these from our practice objectionable. First, because only a part of the proof is thereby exhibited, and for this reason alone its insufficiency is apparent. The second must of necessity be subject to variation, from the imperfections of human nature. Besides the fallibility of the memory, which certainly is a depository inferior to paper. Is not the channel of transmission in the most favorable point of view liable to blameless infirmity and error? Do not mere eye-witnesses of a transaction report honestly its history with variation? That they do so is a fact noticed by all conversant with human affairs. That testimony delivered by witnesses often strikes the hearers differently, is also well known to all acquainted with the courts of justice. That counsel should be exempted from this infirmity is neither justified by theory nor responded to by the fact. Their position is more unfavorable than that of a disinterested *Page 40 
auditor, they stand not different to what is rehearsing, they have a choice of what they would wish to hear, if that choice could be regulated by their will. And hence naturally, a greater aptitude for receiving certain impressions, than others, which when received have attached to them as incidents strength and duration. As a confirmation of this, we need only in our own minds recur to the past, and we will perceive that the pleasurable ideas live and float on our memories, whilst the painful have subsided, and measurably lost to our remembrance, and are only to be called up with difficulty. As an elucidation of this process, do not the counsel state the evidence of a former term often differently? They certainly do, and I have no doubt conscientiously too, which is a demonstration of the imperfection and insecurity of relying upon memory for a series of complicated facts, as a deliverance from error and a guide to its opposite. Rather it is to be presumed, that, while these facts were full before the mind of the Court, recently presented, and the manner of the witnesses imparting them fresh in the recollection, from that aggregate, a more correct conclusion was derived than can now at this distance of time by a secondary channel.
The practice upon a rehearing may with propriety be adverted to, upon this occasion, as confirmatory of the opinion entertained of a bill of review not lying for costs. The practice laid down at Rogersville last term, November, 1816, and followed ever since, after the first decree in any case is entered on the order book, and signed by the judges then present, that then during the same term, and not afterwards, a petition for the rehearing thereof may be filed, and at the same time a copy of the petition to be served on the counsel of the adverse party, which petition is heard also during the same term, and a rehearing granted, or the petition dismissed, unless a curiaadvisori vult is taken by the Court till the next term. *Page 41 
This practice furnishes a strong objection to the use of the bill of review for its present purpose. But I wish to be here understood by saying so, I do not mean to give any opinion whether a petition for rehearing is the proper mode of examining this question, or whether this question is in any case, and if in any, in what cases, examinable upon a petition for a rehearing. What I advance is, that the petition for a rehearing is a less objectionable mode for this purpose than the bill of review. The petition for a rehearing is brought the same term the final decree is entered. The bill of review lies not the same term the final decree is entered, but must be brought, to some subsequent term. The petition for rehearing is heard the same term it is brought, and by this goes a great way towards obviating the objections grounded on a lapse of time raised against the bill of review. Another reason operates in giving preference to the former, which though of minor importance, yet deserves consideration; that is, the petition for rehearing is less expensive to the parties, than the bill of review. For these reasons were it necessary, to assign the examination of the question to the one or the other of these modes, I should prefer the petition.
In looking into the English practice upon this point, we find that a rehearing for costs is not encouraged, because, says the book, they are merely discretionary, and depend upon the circumstances of the case, 1 H. Ch. P. 467, admitted at the bar, where the costs are charged on the person. And by Lord-Chancellor Thurlow, no appeal or rehearing can be allowed for costs only, unless by apparent mistake. Wadham's Kent. Ibid. And as I said before, nothing having been found upon examining what books are at this place in favor of supporting a bill of review for costs, and not at present recollecting any such thing in the absence of all authority; and taking into consideration that bills of review *Page 42 
are not favored in equity, I should hesitate much, before I gave even my feeble sanction to such a practice, — a practice fraught with the evil of unnecessarily prolonging the cases in court, to the vexation and expense of others than the suitors, to the public detriment by so far lessening the product of careful labor, as the attendance on this protracted litigation may require, and at least to the parties themselves, of doubtful benefit. Interest republicae utsit finis litium.
Upon the second point submitted, supposing a majority of the Court should be of a different opinion from me on the first point, and should think a bill of review will lie for costs. Still I am of opinion, it ought not to be sustained in the present case. Inasmuch as a petition for rehearing has been filed for this same matter at the last term, and the same fully beard, and the petition dismissed upon the merits. I think the same question ought not to be further entertained from the analogies of law in other cases. See Cooke, 66, 176; 2 Overton, 229, 230; 1 H. Ch. P. 141.
My opinion therefore is that the demurrer be sustained.